**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

UNITED STATES OF AMERICA

v.                                                   CRIMINAL ACTION NO. 5:22-cr-00046-8

STEPHANIE COHERNOUR

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Stephanie Cohernour's Letter-Form Motion for Early Termination of Probation, filed April 27, 2026. [ECF 888]. The United States does not oppose the Motion.

**I.**

On March 31, 2023, following her guilty plea to Making False Statements in Acquisition of Firearms in violation of 18 U.S.C. § 924(a)(1)(A), Ms. Cohernour was sentenced to five years of probation with the first four (4) months to be served on community confinement in an inpatient facility. [ECF 709; ECF 722]. Ms. Cohernour began serving her term of probation on the same date. Ms. Cohernour now moves for early termination of her probation inasmuch as she has: (1) complied with supervision, and (2) maintained employment and sobriety. [*See* ECF 888].

Ms. Cohernour's Probation Officer notes she has: (1) maintained a positive and cooperative attitude while on probation, (2) paid the special assessment, (3) submitted negative urine specimens, and (4) remained compliant with all other conditions of probation. The Probation Officer further notes a criminal record check revealed no new criminal conduct since her arrest for

the instant offense and that Ms. Cohernour was transferred to the low intensity supervision caseload in February 2024 given her consistent compliance. The Probation Officer thus reports that Ms. Cohernour meets the criteria established by the Administrative Office of the United States Courts for early termination of probation.

**II.**

Pursuant to 18 U.S.C. § 3564(c), a court may, after consideration of the applicable Section 3553(a) factors, "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) (discussing early termination in the context of 18 U.S.C. § 3583(e)).

The Court has carefully considered the applicable Section 3553(a) factors as well as the information provided by both Ms. Cohernour and her Probation Officer, including her background, recovery, conduct while on probation, and the fact that a criminal record check revealed no criminal activity while under supervision. Based on the foregoing, the Court concludes early termination of Ms. Cohernour's probation is warranted. Ms. Cohernour has completed approximately three years of her five-year term without incident, has demonstrated her dedication to maintaining a law-abiding lifestyle, and has admirably repaired her familial relationships. [*See* ECF 888]. Further, Ms. Cohernour's placement on the lowest level of supervision and her continued compliance demonstrate that she is no longer a threat to the public and reflects that probation is no longer necessary to serve as a deterrence. Accordingly, the Court **FINDS** Ms. Cohernour's conduct and the interests of justice support early termination of probation.

**III.**

Accordingly, the Court **GRANTS** Ms. Cohernour's Letter-Form Motion [**ECF 888**], **TERMINATES** Ms. Cohernour's term of probation, and discharges her from any further obligation in this action.

The Clerk is directed to provide copies of this written opinion and order to the defendant's counsel of record, to the defendant, Stephanie Cohernour, 72 Ames Church Road, Lansing, West Virginia 25862, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 27, 2026

Frank W. Volk
Chief United States District Judge